Russell Harris
7363 148th Ave NE
Redmond, WA 98052
Email: Russelldeanharrisgmail.com
Plaintiff

In the United States District Court

District of Arizona

| | |
|---|---|
| Russell Harris | Case Number: CV-16-04029-PHX-DGC |
| Plaintiff, | **Complaint** |
| vs, | |
| Arizona Board of Regents, | |
| Arizona State University | |
| City of Phoenix, | |
| Zona Pacheco, Francisco Blanco | |
| Tamara Rounds, Lilly Perez, | |
| Danna Newell, Michelle Carney | |
| Lynn Holly, Eric Wertheimer, | |
| Mark Searle, Daniel Kelly, | |
| Becky Herbst, in their Official Capacities, | |
| Does i-x, Janes 1-x | |
| Defendants, | |

Plaintiff, Russell Harris for it's complaint against the Defendant, Arizona Board of Regents, Arizona State University, City of Phoenix, Zona Pacheco, Francisco Blanco, Tamara Rounds, Lilly Perez, Danna Newell, Michelle Carney, Lynn Holly, Eric Wertheimer, Mark Searle, Becky Herbst this Complaint upon the defendants. The Plaintiff Respectfully alleges as

Complaint

follows. Read this carefully.

## INTRODUCTION

The Plaintiff brings this **action** as defendants are in violation of 42 U.S. C § 12203, 18 U.S. C § 1001, 20 U.S.C. §1681 et seq (Discrimination, Retaliation, Title IX violation ie defendants alleged plaintiff sexually harassed a student then never investigated it in efforts to pile on false accusations); to correct an unlawful policy practice of the Arizona Board of Regents, Arizona State University, City of Phoenix, Zona Pacheco, Francisco Blanco, Tamara Rounds, Lilly Perez, Danna Newell, Michelle Carney, Lynn Holly, Eric Wertheimer, Mark Searle, Daniel Kelly, Becky Herbst, ("Defendants") and provide appropriate relief to the complainant. Specifically the Plaintiff brings this matter to redress the injury sustained by Russell Dean Harris, the Plaintiff, violation of 42 U.S. C § 12203, 18 U.S. C § 1001, 20 U.S.C. §1681 et seq.

Plaintiff alleges that plaintiff was discriminated against and subject to ridicule on the basis of Plaintiff's disability status by the defendants. The plaintiff reached out to university officials regarding City of Phoenix Officials and ASU faculty failure to provide accommodations. The university then banned together to accuse the plaintiff of things that the plaintiff did not do in order to over up what would have been a slap on the wrist at the time for those officials that were not providing disability accommodations. The Defendants did the same a second time during the same semester when the Plaintiff asserted his rights under the Americans with Disabilities Act requesting appropriate accommodations, and filing a complaint against an official who was not providing them. Both times the Plaintiff was retaliated against and subject to ridicule, and was terminated from his academic program.

The defendants have retaliated and defamed the plaintiff's character in efforts to cover up their action in collusion with each other. The defendants have also physiologically tortured the plaintiff in efforts to get him to drop out or fail out of his graduate studies while the plaintiff exhausted his administrative remedies. The actions that the defendants have taken against the

Complaint

plaintiff have un-reparably damaged the plaintiff and the rights of disabled and handicap students and citizens alike. Plaintiff seeks injunction, compensatory damages, punitive damages, pain and suffering, loss of companionship, loss of reputation, loss of career, and so forth. These amounts are included in Plaintiff's Prayer for Relief below.

### Jurisdiction and Venue

1. The United States District Court has jurisdiction to review this matter pursuant to 28 U.S. C § 1331.

2. Venue is proper in the United States District Court District of Arizona in Maricopa County pursuant to 28 U.S. C § 1391 (b)(1).

### PARTIES

3. Plaintiff, Russell Dean Harris, the Aggrieved Person within the meaning of 42 U.S. C § 12203, 18 U.S. C § 1001, 20 U.S.C. §1681 et seq

4. Plaintiff brings this action alleging the Defendants have violated plaintiff's procedural due process rights, and have defamed, wrongfully terminated, retaliated, and discriminated against the plaintiff in addition to the allegations above.

5. Russell Dean Harris, the Plaintiff, at all relevant times was a student at the Arizona State University, School of Social Work within the College of Public Service and Community Solutions located at 411 N Central Ave SUITE 800, Phoenix, AZ 85004.

6. The defendants are a public entity, and public employees, as a matter of law described by 42 U.S. C § 12131.

7. Lilly Perez was an employee at the (ASU) School of Social Work, and is an agent of the defendant at all relevant times.

8. Tamara Rounds, LCSW, was an employee at the (ASU) School of Social Work and is an agent of the defendant at all relevant times.

9. At all relevant times the City of Phoenix is was former employer of the Plaintiff and is a proper defendant.

Complaint

10. Zona Pacheco was a agent of the City of Phoenix at all relavant times and is a proper defendant.

11. Dana Newell was an agent of Arizona State University at all relevant times.

12. Lynn Holly was an agent of Arizona State University at all relevant times

13. Eric Wertheimer was an agent of Arizona State University at all relevant times

14. Mark Searle was an agent of Arizona State University at all relevant times

15. Daniel Kelly was an agent of Arizona State University at all relevant times

16. At all relevant times Becky Herbst, Associate General Counsel at the (ASU) Office of General Counsel is an agent of the defendant.

17. The Arizona Board of Regents is the governing and accountable body of Arizona State University by statute as a matter of law and a proper defendant.

18. Dr. Michelle Carney, The Director of The School of Social Work at (ASU), was an employee of Arizona State University at all relevant times.

**Statement of Facts**

The Plaintiff, Russell Dean Harris, suffers from Asperger's Syndrome and ADHD and was a graduate student at the (ASU) School of Social Work, and Arizona Resident and Native, holding a 3.56 GPA as of the end of his first semester. Plaintiff was brought up on allegations of misconduct on August 25th, 2015, for resigning from his internship. On August 28th, 2015 plaintiff responded to the allegations faithfully communicating that due to the factors of plaintiff's disability he was unable to perform some tasks of his internship without appropriate accommodations which City of Phoenix, Zona Pacheco, Francisco Blanco failed to provide. On October 19th, 2015 Tamara Rounds in her classroom again brought up plaintiff on allegations of misconduct. Plaintiff responded to these allegations faithfully on November 3rd, 2015 in an attempt to cure the alleged harm plaintiff may have caused. Plaintiff was then recommended for terminated from his degree program (Masters Degree in Social Work, "MSW") against the recommendation of the committee. Plaintiff submitted an appeal of this decision in efforts to

Complaint

maintain enrolled in his degree program as to his commitment in social work. During these events (ASU) officials have violated their own polices several times, and attempted to exclude the plaintiff from his degree program on the factors related to plaintiff's disabilities (discrimination/retaliation). The defendant has also defamed the plaintiff's professional character, and has retaliated against the plaintiff for complaining about not receiving the appropriate accommodations plaintiff is entitled to. At all relevant times plaintiff asked the defendants if they would like to stipulate so not to ensue this action. The defendants have denied plaintiff's request and has refused stipulation.

**General Allegations**

19. On August 25th, 2015 Lily Perez published false facts about the plaintiff alleging plaintiff received a failing grade in his course.

20. On September 1st, 2015 Lily Perez published these false facts to the standards committee at the school of social work. Knowingly exaggerated plaintiff's actions and alleged the plaintiff left his internship several time without permission. Lily Perez, City of Phoenix, Zona Pacheco, Francisco Blanco, jointly alleged Plaintiff was terminated (an offense that can get Harris dimissed from his program) knowingly after Plaintiff submitted a resignation.

21. Plaintiff left his internship with permission for lunch.

22. A review of plaintiff's transcripts can verify that plaintiff did not receive a failing grade although defendant, Lily Perez, alleged it falsely. It is within the scope of her duties to make such a review. Defendant knowingly alleged this falsely.

23. Lily Perez, lied against the plaintiff in slander of the plaintiff's reputation, at plaintiff's standards hearing before the committee. (ASU School of Social Work Committee on Academic and Professional Standards "the committee")

24. Plaintiff received authorization from the Field Education Office, by and through Sandra Early, to resign from his internship.

25. When asked if plaintiff had complied with the above policy by the committee

Complaint

members, defendant lied and claimed that plaintiff did not follow this policy.

26. Before the plaintiff's hearing plaintiff met with Lily Perez, and Laura Orr, and told her that he had complied with this policy.

27. Defendant's lie, defamed the plaintiff, as the committee found plaintiff in violation for not following this policy when he in fact did. This defamed the plaintiff's reputation to the committee members and the Director of plaintiff's degree program forever labeling defendant. (Dr. Michelle Carney, hereon known as "The Director").

28. On October 1st, 2015 Tamara Rounds published false facts about the plaintiff alleging the plaintiff was in violation for actions of misconduct in her classroom.

29. In Tamara Rounds, LCSW, complaint to the committee, defendant called plaintiff annoying and at the same time alleged the plaintiff was unprofessional.

30. In Tamara Rounds, LCSW, complaint to the committee, the defendant alleged allegations of misconduct that were related to factors of plaintiff's disability.

31. Plaintiff responded to these allegations faithfully on November 3rd, 2015.

32. (ASU) Officials did not allow Plaintiff to face his accuser, as Tamara Rounds, LCSW, was not in attendance of plaintiff's hearing with the committee.

33. This (¶24) is a breach of contract between student and university, and a violation of plaintiff's civil rights as plaintiff of course has the right to face his accuser.

34. The committee then contacted Tamara Rounds, LCSW, after plaintiff's hearing and asked her for clarification of an event that took place in August. Defendant replied that plaintiff made an inappropriate sexual remark to a female classmate.

35. This allegation (¶26) was not at all consistent with Tamara Round's complaint. Also if this in truth happened it would have been investigated sooner per university policy.

36. This (¶26) was a false fact that the defendant Tamara Rounds, LCSW, made about the defendant to a third party that left the plaintiff's reputation defamed.

37. Before Tamara Rounds, LCSW, made her complaint, the plaintiff made a

complaint that Tamara Rounds was not in compliance in allowing plaintiff to receive appropriate accommodations for his disability as required by university policy.

38. Tamara Rounds, LCSW, complaint was retaliation of plaintiff's complaint. Her complaint excluded the plaintiff from a class on the plaintiff's disabilities.

39. In short of (¶ 30) Tamara Rounds, LCSW discriminated against the plaintiff against his disability status. (see exhibit b)

40. (ASU) Officials are in violation in breach of contract and violated Plaintiff's due process rights in several counts.

41. The Director, Dr. Michelle Carney, was required to give plaintiff a decision of the committee's recommendations 5 days after the committee submits their recommendation. (right to a speedy trial and university policy)The Director did not follow this policy on two counts. See supporting exhibits. The Director was also required to give plaintiff a copy of the committee's recommendations. Plaintiff had to threaten (ABOR) with litigation to compel the defendant to surrender this document. The plaintiff of course has the the right to know of the committees recommendation of and outcome of his hearing. The very fact that the University and Offials hid this information is clear evidence of the Fraud they committed against the Plaintiff during its retaliation. This is a clear violation and breach of contract.

42. On December 14th, 2015, the Director recommended termination of the plaintiff from the MSW Program; this was against the recommendation of the committee. Per (ASU) policy, and statute, the director lacks the jurisdiction to abuse her authority in this way as she only as the authority given by statute. This is a clear breach of contract and fraud, as the committee had already ruled Harris could stay in his program. The defendants merely made the plaintiff jump through administrative hoops to beat the plaintiff down, and tire him out so that he may just drop out.

43. Dr. Michelle Carney acted outside the scope of her duties intentionally by recommending termination of the plaintiff from his program going against the committee's

Complaint

recommendation. The Director lacks the jurisdiction to exclude plaintiff from a program he qualifies for based on his disability. This is unlawful discrimination. It is also University policy that all sanctions against students shall be educational and not punitive. Her decision is against policy and outside the scope of her role and duties.  In addition, the Plaintiff in the case against Harris did not attend the hearing, had no witnesses, and did not prove her allegations in any way.

44.     ASU Officials excluded and have attempted to exclude plaintiff from a degree program he qualifies for, based on the factors and symptoms related to plaintiff's disability. This is unlawful discrimination.

45.     The committee's on two occasions did not recommend plaintiff for termination.

46.     Plaintiff did not receive a fair hearing.

47.     Defendants and all (ASU) Officials involved have been involved in collusion and a scandal to cover up their violations.

48.     Defendants are attempting to evade review. (ABOR) has done nothing in their governing authority to correct this action and have instead been involved in collusion with (ASU).

49.     Plaintiff then Appealed the committees decision, and was recommended for Termination by Eric Wertheimer, Associate Dean of Graduate Education. Harris pleaded with Him and Wertheimer told the Plaintiff that since he allegedly "yelled at his instructor" he was terminated, and to get over it.

50.     Tamera Rounds alleged that she felt in danger for her life, yet no police report was filed as a reasonable person would do if they experienced reasonable apprehension of such harm. Again, Tamara Rounds alleged false allegation literally the next business day after Ms. Rounds refused Harris's accommodations and Harris filed a complaint.

51.     Harris complaint against Tamara Rounds, The City of Phoenix, Zona Pacheco, Francisco Blanco, Daniel Kelly, Lynn Holley, was never investigated until he was terminated from his program 9 months later and the University was investigated by the U.S. Department of

Education.

52. This is further proof of the Defendants combined cover up.

53. The defendants did not investigate Harris disability complaint until the U.S. Department of Education served the University with a data request. This more than a half a year after Harris complaint.

54. The University Refused Harris appeal rights twice in writing on their first attack and hearing.

55. Tamara Rounds alleged Harris had sexually harassed a student falsey. Harris never did this. The university is required to investigate such an allegation pursuant to Title IX. The university then pivoted away from this Phony accusation and continued to allege Harris "agressivley" verbally assaulted his instructor in a hallway full of witnesses even though there is no police report (there reasonably would be if this claim is true or had any merit.

56. The City of Phoenix and Zona Pacheco, Francisco Blanco gave false testimony in collaboration with lily Perez (fraud) to retaliate against Harris accommodation requests that were not being met. Harris was not confortable and did not feel safe at the City of Phoenix internship, his supervisors were aggressive, and politicized the plaintiff's accommodation requests in order to keep the 17 interns (and free labor) the University provides. It is within the City of Phoenix grant.

57. Lynn Holly professor at ASU, denied Harris accommodations in his class. Harris then requested the accommodation that was already approved and Dr. Holly then gave Harris a failing grade on his writing assignment in retaliation of Harris asserting his rights. Harris then attempted to file a complaint, but ASU officials denied him this right.

58. Mr. Daniel Kelly, one of Harris instructors, outright denied Harris his approved accommodations and even said it would be unfair to the other students if Harris received his accommodations. There is no such exception in the ADA.

Complaint

## STATEMENT OF CLAIM

**42 U.S. C § 12203, 18 U.S. C § 1001, 20 U.S.C. §1681 et seq, intentional tort, damages**

59. The plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 of this Notice of Claim.

60. The Plaintiff wished to stipulate these matters with the defendant.

61. The damages to the plaintiff are severe.

62. As a result of the combined actions of the defendant's and (ASU) Officials, defendant has be discriminated against and ridiculed, defamed and humiliated by the defendant.

63. As a result of the combined actions of the defendant's, and (ASU) Officials, plaintiff's graduation is delayed for an entire year.

64. As a result of the combined actions of the defendant's and (ASU) Officials, students rights will be continuously violated if defendants evade review.

65. Plaintiff took over $20,000 in student loans to attend his degree program.

66. Plaintiff will not be graduating with his cohort of students that plaintiff has got to know, due to university officials intervention.

67. Plaintiff's university experience is now ruined.

68. Plaintiff's degree program is the only thing plaintiff has in his life that is meaningful to him as a former foster care alumni and former award of the state.

69. Plaintiff continually and humbly pleaded for the defendants and (ASU) Officials to stop and discontinue their actions as they have caused an irreparable amount of harm to the plaintiff.

70. Plaintiff has undergone an unimaginable and inhumane amount of emotional distress due to the extreme abuse of authority of university officials.

71. Plaintiff can experience increased symptoms of his disability at the cause of trauma.

Complaint

72. Studies have shown that plaintiff's disability is not hereditary but trauma induced. Plaintiff has medical documentation proving this.

74. Plaintiff has to seek treatment for the trauma (ASU) Officials have caused him.

75. All plaintiff wanted to do was to learn how to help others in a degree program studying social work.

76. Plaintiff's commitment to the field of social work has been taken for granted.

77. Plaintiff has been studying and working in the field of social work in Arizona, since 2007.

78. Plaintiff was completely rejected and humiliated by university officials.

79. Plaintiff performed as best as he was able to meet university official's expectations.

80. Plaintiff's future as a person has been taken from him by university officials without just cause.

81. Plaintiff has lost is relationships with his classmates (future colleques) and his instructors.

82. The university created situations to emotionally overwhelm the Plaintiff in efforts to get the Plaintiff to drop out. This has psychologically damaged the Plaintiff. Plaintiff has had to seek treatment for this damage.

83. Plaintiff drove his car out of state to Washington in May after his last class, to escape the pain and suffering the plaintiff was experience that the defendants had caused.

84. Plaintiff had to sleep in his car for 4 months in Washington while he psychologically recovered well enough to maintain employment to save enough money to get on his feet again.

85. The plaintiff has been receiving treatment in the state of Washington.

86. From May-October, plaintiff was homeless and destitute and had to sleep in his car at his church.

Complaint

87. The defendants have professionally exiled the Plaintiff from Arizona. The plaintiff is not an attorney, and is in fact a mentally handicapped former student. The amount of resources the University and officials used to crush the plaintiff to this degree is prove of their fraud, and intentional retaliation.

88. Becky Herbst used her position as counsel to emotionally disturb Harris. She also ordered Harris instructors and professional role models to not speak to him anymore.

89. Beck Herbst created fraud by knowingly giving false testimony to the U.S. Department of Education.

## Prayer for Relief

A. Order and Dismiss Mark Searle from his position at Arizona State University as he is unfit to serve public office pursuant to statute.

B. Order and Dismiss Eric Wertheimer from his position at Arizona State University as he is unfit to serve public office pursuant to statute.

C. Order and dismiss Dana Newell from her position at Arizona State University as she is unfit to serve public office pursuant to statute. And refer her to to the department of justice on fraud charges as she directly denied Harris his constitutional rights.

D. Judgment against all defendants for violation of statute cited above, fraud, discrimination, retaliation and title ix violations, breach of contract, denial of constitutional rights.

E. Order the Defendants pay the Plaintiff's student loans in full (currently upwards $65,000), what amount that might be at trial.

F. Order the Defendants pay the Plaintiff $850,000 in compensatory damages, punitive damages, pain and suffering, loss of companionship, loss of reputation, loss of career.

/

/

/page break

Complaint

G. Injunction, order the Defendants to remove Harris disciplinary status from his academic record and exonerate him from any such phony allegations made in retaliation by ASU officials.

Respectfully submitted this 15th day of November 2016.

/s/ Russell Harris
Russell Harris
Plaintiff/

**I affirm, under penalty of perjury, that the foregoing information and allegations in this Complaint are true.**

Complaint