**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Russell Harris, | No. CV-16-04029-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents, et al., | |
| Defendants. | |

Pro se Plaintiff Russell Harris filed a complaint against Defendants Arizona Board of Regents, Arizona State University ("ASU"), Lilly Perez-Freerks, Tamara Rounds, and Michelle Carney, alleging violations of the Americans with Disabilities Act ("ADA"). Docs. 26, 35. The individual Defendants are sued in their official capacities. Defendants have filed a motion to dismiss (Doc. 38), and Plaintiff has filed various motions (Docs. 55, 57, 58, 61, 65). The motion to dismiss is fully briefed, and the Court concludes that oral argument is not necessary. For the reasons set forth below, the Court will grant Defendants' motion to dismiss and deny Plaintiff's motions.

**I.  Background.**

Plaintiff was enrolled in the ASU Masters of Social Work ("MSW") program. He was terminated from the program for allegedly unprofessional behavior. Plaintiff argues that Defendants did not accommodate his disability, as required by the ADA, and then retaliated against him when he sought – and complained about not receiving – reasonable

accommodation. Docs. 26, 35. He alleges that he was ultimately dismissed from the MSW program because of his disability. *Id.*[1]

Plaintiff sought review of his termination from the MSW program under Arizona's Administrative Review Act ("ARA"), A.R.S. § 12-901 *et seq.*, in the Arizona Superior Court on March 25, 2016. Doc. 23-1 at 27. The defendants in that case brought a motion to dismiss, arguing that academic termination decisions are not judicially reviewable under the ARA. Doc. 23-1 at 5-6. Plaintiff filed a response under seal. The Superior Court ultimately granted the motion to dismiss, but did not explain its reasons. Doc. 23-2 at 5-6. Plaintiff appealed the dismissal to the Arizona Court of Appeals (*id.* at 8-9), but abandoned that appeal on August 29, 2016, before filing an opening brief (*id.* at 11-15). Plaintiff then filed this claim on November 21, 2016. Doc. 1.

## II. Motion to Dismiss.

Defendants argue that Plaintiff's claims are barred by res judicata – also referred to as claim preclusion – because they were or could have been brought in his previous action before the Superior Court. Doc.38 at 7.

"It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord. Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). In Arizona, "*res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action." *Hall v. Lalli,* 977 P.2d 776, 779 (Ariz. 1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323-24 (1971). "To successfully assert the defense of claim preclusion, a party must prove: (1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and

---

[1] Plaintiff originally pled a disparate impact claim, but later stipulated to dismissal of this claim. Doc. 45 at 7.

(3) identity or privity between parties in the two suits." *Peterson v. Newton*, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (quotation marks and citation omitted). "Res judicata protects litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing needless litigation." *Hall*, 977 P.2d at (quotation marks and citation omitted).

### A. Final Judgment on the Merits.

Plaintiff argues that the Superior Court's dismissal of his claim was not a final judgment on the merits. Doc. 45 at 4. The Superior Court granted the defendants' motion to dismiss with prejudice, dismissing Plaintiff's cause of action in its entirety and entering judgment. Doc. 23-2 at 5. Arizona law is clear that dismissal with prejudice is a final judgment on the merits. *Torres v. Kennecott Copper Corp.*, 488 P.2d 477, 479 (Ariz. Ct. App. 1971).

### B. Privity.

"Whether by way of res judicata or collateral estoppel, the preclusive effect of a judgment is limited to parties and persons in privity with parties." *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 759 P.2d 607, 612 (Ariz. 1988). In the Superior Court action, Plaintiff brought suit against the Arizona Board of Regents, ASU, and four university employees in their official capacities. Doc. 23-1; Doc. 53 at 7. In this case, Plaintiff brings suit against the Arizona Board of Regents, ASU, and three university employees in their official capacities. Doc. 35; Doc. 53 at 7.[2] Plaintiff argues that the identity or privity of parties element is not satisfied because one of the defendants from the state court action, Mr. Wertheimer, is not a party to this action. But Wertheimer's absence in this litigation does not defeat the privity requirement, which is based on the principle that "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v.*

---

[2] Plaintiff appears to attempt to reinstate Becky Herbst as a defendant in his motion for leave to amend his complaint. Doc. 67. He has not taken the appropriate steps to do this, but even if Herbst were reinstated as a Defendant, the Court's privity analysis would not change.

- 3 -

*Lee*, 311 U.S. 32, 40 (1940). Moreover, all of the university officials are sued in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Carrillo v. State*, 817 P.2d 493, 496 (Ariz. Ct. App. 1991) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

As a result, any discrepancy between the particular ASU employees sued in their official capacities in the two actions will not defeat privity, as ASU employees sued in their official capacities will necessarily be in privity with one another and with Defendant ASU. Privity between a party and a non-party requires both a "substantial identity of interests" and a "working or functional relationship" in which the interests of the non-party are presented and protected by the party in the litigation. *Hall*, 977 P.2d at 779. ASU and the officially-sued defendants in both cases have substantial identities of interest and a working relationship in which their interests align. The Court finds the privity requirement satisfied.[3]

### C. Identity of Claims.

Whether or not there is an identity of claims between the state court action and this action is a more complicated question. This complexity is increased by the lack of clarity in Plaintiff's complaints before both courts.

Arizona uses the "same evidence" test for determining whether an earlier action is the same as the current action. *Phoenix Newspapers, Inc. v. Dep't of Corrections, State of Ariz.*, 934 P.2d 801, 804 (Ariz. Ct. App. 1997). Under this test, "[i]f no additional evidence is needed to prevail in the second action than that needed in the first, then the

---

[3] Lilly Perez-Freerks is one of the ASU employees sued in her official capacity in this case, but was not a defendant in the state court action. Jonathan Koppel and Eric Werthiemer were defendants in the state court action, but not in this action. Plaintiff does not raise the fact that Perez-Freerks was not a defendant in the state court action. But as the Court already established, an action against an employee in her official capacity as an employee of ASU is essentially a suit against ASU. Thus, changing the particular employees sued does not defeat privity.

second action is barred." *Id.*; *see also Rousselle v. Jewett*, 421 P.2d 529, 531 (Ariz. 1966).

Plaintiff's response to Defendant's motion to dismiss his state court case makes clear that Plaintiff was alleging violations of – and seeking relief under – the ADA. Doc. 71-1.[4] Plaintiff cited to the ADA, alleged that Defendants failed to accommodate his disability despite his requests, and retaliated against him when he complained about not receiving those accommodations. *Id.* What is more, Plaintiff requested relief ordering Defendants to stop violating the ADA. *Id.* Thus, it is clear that Plaintiff's state court claims arose from the same transaction and depended on the same evidence as his claims in this Court. The reasons for the dismissal of Plaintiff's state court action were not articulated by the judge, but the reason is not relevant so long as the issue now before the Court might have been determined in the former action. *See Hall*, 977 P.2d at 779.[5]

Because the Court determines that Plaintiff's claim is barred by res judicata, it need not address Defendants' additional arguments for dismissal.

**III.   Motion for Leave to Amend.**

Plaintiff seeks to amend his complaint to comply with the Federal Rules of Civil Procedure 8 and 10(b), as well as Local Rule 15. Doc. 58. He does not appear to alter the substance of his allegations in his proposed amended complaint. Doc. 67. As a result, Plaintiff's proposed amendment will not alter the Court's conclusion that his claim is barred by res judicata. Because any grant of leave to amend would be futile, the Court

---

[4] This document has been filed under seal. The Court's reference to and description of the document does not reveal any confidential information.

[5] Plaintiff argues that he could not have brought his ADA claims in his Superior Court action because he had not exhausted his administrative remedies and his ADA claim "wasn't ripe to be brought." Doc. 45 at 3. But "[t]here is no exhaustion requirement for claims brought under Title II of the ADA." *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999); *accord. O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007).

will deny Plaintiff's motion. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]").

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 38) is **granted**. This case is dismissed with prejudice.
2. Plaintiff's motion to file a sur-reply (Doc. 55) is **granted.**
3. Plaintiff's motion to seal (Doc. 43) is **granted.**
4. Plaintiff's motion for leave to amend (Doc. 58) is **denied.**
5. All other pending motions are **denied** as moot.

Dated this 25th day of August, 2017.

*David G. Campbell*
David G. Campbell
United States District Judge