**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Harris,<br><br>               Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>               Defendants. | No. CV16-04029 PHX DGC<br><br>**ORDER** |

Plaintiff asks the Court to reconsider its order granting Defendants' motion to dismiss. Doc. 77. The Court will deny the motion.

**I.      Legal Standard.**

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Motions for reconsideration are disfavored, and they are not

the place for parties to make new arguments not raised in their original briefs. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**II.    Discussion.**

Plaintiff first argues that the Superior Court decision could not have given rise to claim preclusion because it was a dismissal for lack of jurisdiction. Plaintiff also argues that the dismissal was not final. First, Plaintiff did not argue in his response to Defendants' motion that the state-court dismissal was for lack of subject matter jurisdiction (*see* Doc. 45 at 4) and cannot raise that argument for the first time in this motion for reconsideration. Second, the state-court dismissal was not necessarily for lack of subject matter jurisdiction. Defendants argued that Arizona State University ("ASU") has discretion to determine whether a student's academic performance meets program standards and has no legal duty to retain a student whose performance is deficient. Doc. 23-1 at 3. Defendants also argued that ASU's decision was not subject to review under the Administrative Review Act (Doc. 23-1), but the Court did not mention that argument in its ruling (Doc. 23-2 at 5-6). Third, the Superior Court decision was expressly a final judgement under Rule 54(c) of the Arizona Rules of Civil Procedure. *See* Doc. 23-2 at 6.

Second, Plaintiff argues that the Court incorrectly stated that he sued four ASU employees in state court when he actually sued only one. Plaintiff explains that state-court documents naming four employees did not count because they never became the operative complaint in state court. Even if this is true, the basis for the Court's ruling was not dependent on the number of employees sued in state court. The Court noted that Plaintiff sued the state employees in state court and this Court in their official capacities, and that "ASU employees sued in their official capacities will necessarily be in privity with one another and with Defendant ASU." Doc. 73 at 4.

Third, Plaintiff argues that the Court should have applied the test for claim preclusion in *Garity v. APWU National Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016). The Court does not agree. "It is now settled that a federal court must give to a state-court

judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990). The Court appropriately looked to Arizona law to determine the preclusive effect of the state-court decision.

But even if the Court had applied *Garity* – which Plaintiff did not cite in his claim-preclusion argument in this Court (Doc. 45 at 4-5) – the result would have been the same. To determine if there is an identity of claims, *Garity* looked to four factors: (1) whether the two suits arise out of the same transactional nucleus of facts, (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. 828 F.3d at 855. These factors show that claim preclusion was properly applied here. First, this case and the state-court case clearly arose from the same transactional nucleus of operative facts – Plaintiff's termination from the ASU master's program for reasons allegedly related to his mental disability. Second, the state court held that Plaintiff could not maintain his suit, and did so in the face of Plaintiff's ADA arguments and his request for $500,000 in damages. Doc. 71-1 at 5-8. Defendants' victory in that case would be destroyed or impaired if Plaintiff were permitted to raise the same issues in this court. Third, the two suits concerned the same right – Plaintiff's claim that he should have been permitted to continue in the master's program as "a mentally handicapped student." Doc. 71-1 at 7. Fourth, substantially the same evidence applied in both actions. Plaintiff argued in state court that he "suffers from a mental disability and requested accommodations for his disability," and that he was terminated from the ASU program for complaining about the lack of accommodations. *Id.* at 4. Substantially the same facts are at issue here – Plaintiff claims that he is disabled and was retaliated against for asserting his rights. Doc. 35 at 1.

Fourth, Plaintiff argues that he was wrongly denied an opportunity to amend his complaint. But Plaintiff had already filed three complaints in this case (Docs. 1, 26, 35) and had proposed a fourth (Doc. 67), none of which stated a claim that was not barred by claim preclusion.

Fifth, Plaintiff argues that the Court acted improperly when it required him to provide the Court with a copy of his state-court response to the state-court motion to dismiss. Plaintiff contends that the Court should have reviewed his motion to withdraw that document and should have recused itself from this case. *See* Doc. 76. Plaintiff's motion to withdraw argued that the Court was without justification in requiring the state-court document to be filed. Clearly this is incorrect. The Court needed Plaintiff's state-court filing in order to identify the issues that were litigated in state court, and acted entirely within its authority in requiring Plaintiff to file it. There is no basis for recusal.

Finally, Plaintiff asserts that the Court acted improperly in ordering him to stop sending emails to and calling chambers. *See* Doc. 72. Plaintiff's abusive communications with the Court's staff were entirely inappropriate, and the Court acted properly in ordering him to communicate with the Court only through filings in the docket.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Doc. 77) is **denied**.
2. Plaintiff's motion to vacate/set aside/withdraw/reassign/recuse (Doc. 76) is **denied.**
3. Plaintiff shall file no further motions in this case.

Dated this 19th day of September, 2017.

_____
David G. Campbell
United States District Judge